# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

Yoandy Fernandez Morales,

    Plaintiff,

v.

Sheddy, et al.,

    Defendants.

Case No. 2:22-cv-00782-JAD-DJA

**Order**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") proceeding *pro se*. Before the Court are Plaintiff's motion to reconsider (ECF No. 21) and Plaintiff's motion for appointment of counsel (ECF No. 24). The Court denies Plaintiff's motion to reconsider because Plaintiff has not set forth a valid reason why the Court should reconsider its prior order. The Court denies Plaintiff's motion for appointment of counsel because he has not demonstrated extraordinary circumstances.

**I.**     **Discussion.**

    ***A.***     ***Plaintiff's motion to reconsider (ECF No. 21).***

Plaintiff moves the Court to reconsider its order denying Plaintiff's motion to join real party in interest Theodore Stevens under Nevada Rules of Civil Procedure 10, 17, 19, 20, and 21. (ECF No. 21). In its order, the Court explained that "the Nevada Rules of Civil Procedure do not apply within this federal matter." (ECF No. 20). Plaintiff's motion to reconsider asks the Court to apply Federal Rules of Civil Procedure 10, 17, 19, 20, and 21. Defendants respond that Plaintiff's motion to reconsider failed to contain points and authorities and fails to establish that the order denying his motion was clearly erroneous or contrary to law. (ECF No. 23). Defendants add that Plaintiff's request to join Stevens is improper because "it appears that the bargained for exchange in this case is Theodore Stevens providing legal assistance to Morales"

and "Stevens lacks standing as a real party in interest." (*Id.* at 4, 4 n.1). They add that, to the extent Plaintiff is attempting to assign the proceeds of his litigation to Stevens, "[t]here has been no showing of valid consideration given for the assignment, meaning that there is no valid contract of assignment because of the lack of a bargained for exchange." (*Id.*). Plaintiff did not reply in support of his motion.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

Under Federal Rule of Civil Procedure 17(a)(1) an action must be prosecuted in the name of the real party in interest. Under Nevada law, "a meaningful legal distinction exists between assigning the rights to a tort action and assigning the proceeds from such an action." *Achrem v. Expressway Plaza Ltd. P'ship*, 112 Nev. 737, 741, 917 P.2d 447, 449 (Nev. 1996). The latter is permissible while the former is not. *Id.* As the Nevada Supreme Court explained, "[w]hen the *proceeds* of a settlement are assigned, the injured party retains control of their lawsuit and the assignee cannot pursue the action independently." *Id.*

The Court denies Plaintiff's motion for reconsideration. He explains that his reference to the Nevada Rules of Civil Procedure was a typo and that the Court should reconsider his motion using the Federal Rules of Civil Procedure. But Plaintiff's initial motion not only referred to the

Nevada Rules instead of the Federal Rules, but it also failed to explain how or why Stevens is a real party in interest to this case or cite any authority for Plaintiff's request that the Court assign an interest in the case to Stevens.  As a result, even if the Court considered Plaintiff's motion under the Federal Rules Plaintiff cites, Plaintiff has not provided grounds on which the Court can grant his requested relief under these Rules.

### B. *Plaintiff's motion for appointment of counsel (ECF No. 24).*

Plaintiff moves for appointment of counsel, arguing that he speaks no English and is entirely reliant on jailhouse lawyers and other inmates to write his filings, translate court documents, and to help him find his missing medical records.  (ECF No. 24).  A "person [generally] has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).  28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel."  That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases."  *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015).  In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor*, 739 F.3d 1213, 1218 (9th Cir. 2015).  "Neither of these considerations is dispositive and instead must be viewed together."  *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted).

Here, the Court does not find exceptional circumstances to grant appointment of counsel.  Plaintiff's motion does not address the likelihood of success on the merits.  The Court also takes judicial notice that Plaintiff's filings in other cases have cast doubt on whether he speaks no English.  *See Fernandez Morales v. Aguilar, et al.*, No. 2:22-cv-00451-RFB-DJA, at ECF No. 66, pg. 3-4 (discussing Plaintiff's filings).  And while Plaintiff asserts that he speaks no English and must rely on other inmates to interpret legal documents, even while using an interpreter, Plaintiff

has demonstrated an ability to successfully litigate his case with the help of others.  The Court denies Plaintiff's motion (ECF No. 24) without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (ECF No. 21) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 24) is **denied without prejudice.**

DATED:  June 16, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE