UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Yoandy Fernandez Morales, | Case No.: 2:22-cv-00782-JAD-EJY |
| Plaintiff | **Order Granting Motion for Summary Judgment, Denying Motion to Amend, Denying Motion for Preliminary Injunction, and Denying as Moot Motion to Stay Case** |
| v. | |
| Sheddy, et al., | |
| Defendants | [ECF Nos. 32, 33, 34, 39] |

Yoandy Fernandez Morales brings this civil-rights action under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated when Southern Desert Correctional Center officials forced him to clean the bathrooms without gloves and then denied him medical care after he developed rashes and an ear infection.  The Southern Desert officials move for summary judgment, arguing that Morales failed to exhaust his administrative remedies.  Morales counters that his administrative remedies were unavailable to him because Southern Desert responded late to his grievances.  He also moves for a preliminary injunction to receive long-awaited treatment from an ear, nose, and throat (ENT) specialist and a doctor-recommended CT scan.  I grant Southern Desert's summary-judgment motion because Morales did not properly exhaust his administrative remedies.  And because the lack of exhaustion leaves him unable to succeed on the merits of any claim, I deny his request for injunctive relief.  Morales also moves for leave to amend his response to Southern Desert's motion, which I deny because his proposed changes don't help him, and I deny as moot Southern Desert's motion to stay this case pending my decision on their summary-judgment motion.

**Background**

Morales was on porter duty at the Southern Desert Correctional Center and assigned to clean the prison's bathrooms and showers.[1]  In June 2020, he noticed that there were no gloves to safely conduct his work, and he informed Officer Sheddy, the officer in charge.[2]  Sheddy refused to provide more equipment, so Morales was forced to clean the bathrooms without protective gear for several days.  As a result of the exposure to the chemicals in the cleaning supplies or the bacteria in the bathroom, Morales soon developed rashes on the palms of his hands and behind his right ear.[3]

He immediately kited his symptoms to the Southern Desert medical staff.[4]  A few days later and after receiving no response, he filed his first informal grievance on June 15, 2020, under grievance number 20063103964, notifying Southern Desert about the paucity of gloves and the rashes on his body.[5]  In mid-July, he visited the medical department, where a nurse discovered blood in his ear.[6]  He preceded to file four sequential emergency grievances over three days.[7]  Southern Desert responded to Morales's third emergency grievance, informing him that medical would call him when they had time.[8]  Morales appealed that response by filing an

---

[1] ECF No. 4 at 5 (complaint).  This is a summary of Morales's allegations and is not intended as findings of fact.
[2] *Id*.
[3] *Id*.
[4] *Id*. at 5, 25.
[5] *Id*. at 5–6, 54.
[6] *Id*. at 35; ECF No. 37 at 27.
[7] ECF No. 4 at 41–44.
[8] ECF No. 32-5 at 8; ECF No. 37 at 27.

informal grievance on July 13, 2020, under grievance number 20063104765 to notify Southern Desert that he had yet to see a doctor and still had rashes on his palms and behind his ear.[9]

During the month of July, Morales submitted at least ten additional kites to medical,[10] and he continued to file kites through August, September, and October.[11] In early November, he received responses to informal grievances '3964 and '4765.[12] Although Southern Desert denied both, they also confirmed that Morales was being referred to an ENT specialist.[13] He appealed both denials and filed his first-level grievances that same month.[14] He also saw an ENT specialist in late November, who diagnosed him with functional hearing loss and recommended a CT scan.[15]

Southern Desert responded to Morales's first-level grievances in February 2021, denying both on procedural grounds because Morales failed to file his appeals on time.[16] Morales appealed grievance '3964 at the end of February to the second and final level, stating that he disagreed with the denial because it was wrong to order him to clean the inmate showers— containing possible "urine, semen, [and] black mold"—without proper equipment.[17] He also appealed grievance '4765 at the beginning of April, noting that Southern Desert was ignoring his

---

[9] ECF No. 4 at 92; ECF No. 37 at 27.
[10] ECF No. 4 at 27–37.
[11] *Id*. at 38, 74, 113–121.
[12] ECF No. 32-4 at 8; ECF No. 32-5 at 9.
[13] ECF No. 32-4 at 8; ECF No. 32-5 at 9; ECF No. 37 at 27, 37.
[14] ECF No. 32-4 at 9; ECF No. 32-5 at 10.
[15] ECF No. 4 at 128–133.
[16] ECF No. 32-4 at 9, 11; ECF No. 32-5 at 10, 13; ECF No. 37 at 27, 37.
[17] ECF No. 32-4 at 12.

emergency grievances and not properly treating his medical needs.[18]  Both appeals were again denied as untimely.[19]

In May 2022, Morales filed this civil-rights action under 42 U.S.C. § 1983 against Officer Sheddy, Caseworker Steven, current Warden Hutching, former Warden Howell, former Assistant Warden Scalley, Doctor Agustin, and Medical Director Minev, all in their individual and official capacities, for unsafe prison conditions and deliberate indifference to his medical needs.[20]  I screened his complaint and found a cognizable unsafe-prison-conditions claim against Officer Sheddy and a deliberate-indifference-to-medical-needs claim against Warden Hutching, former Warden Howell, former Assistant Warden Scalley, and Medical Director Minev (collectively, Southern Desert), so I allowed those two claims to proceed.[21]

All defendants now move for summary judgment, arguing that Morales failed to properly exhaust his administrative remedies because he filed his grievances after each five-day appeals deadline ran.[22]  It also moves to stay this case pending my decision on that summary-judgment motion.  Morales counters that his administrative remedies were made unavailable to him because Southern Desert responded after their required deadlines.[23]  He also requests leave to amend his response to Southern Desert's summary-judgment motion based on typographical errors in his original filing.[24]  Finally, Morales moves for a preliminary injunction mandating

---

[18] ECF No. 32-5 at 18–20.
[19] ECF No. 32-4 at 14; ECF No. 32-5 at 21.
[20] ECF No. 4 at 2–4.
[21] ECF No. 3 at 11.  The claim against Medical Director Minev is based both on his personal participation and supervisory liability.
[22] ECF No. 32.
[23] ECF No. 37.
[24] ECF No. 39.

that he receive a follow-up appointment with an ENT specialist and also a CT scan. Southern Desert argues that I should deny injunctive relief because Morales cannot meet any element for that extraordinary remedy.[25]

## Discussion

**A.    The court denies Morales's motion to amend his response because the revised version is less helpful to him.**

Morales moves to amend his response to Southern Desert's summary-judgment motion[26] and simultaneously files his proposed briefing.[27] He asserts that this amendment is made in good faith and will correct typographical errors that may lead to misunderstandings.[28] Although Southern Desert does not oppose his request outright, it replies to Morales's original response, not his amended one.[29]

Having reviewed both Morales's original and amended responses, I find that the amended version is not a meaningful improvement such that good cause exists to permit the amendment. As he points out, his amended response cures typographical errors[30] and corrects or adds page numbers.[31] But the most notable difference between the two filings is what the amended response omits. His original filing contains the inmate-grievance history for grievance '4765[32]—one of the primary grievances in dispute here—while his amended response leaves it

---

[25] ECF No. 38.
[26] ECF No. 39.
[27] ECF No. 40.
[28] ECF No. 39 at 3.
[29] ECF No. 42 n.2.
[30] *See* ECF No. 40 at 3:20; 4:9, 4:15, 4:19; 6:18; 9:20; 12:1; 13:14, 13:15.
[31] *See id*. at 5:9, 5:17, 5:25; 8:1; 13:7.
[32] ECF No. 37 at 27.

out. Morales references this cardinal grievance in both responses,[33] leading me to presume that the omission was inadvertent. Plus I don't find the errors in his original brief too much to navigate. Because the typographical changes in his amended response are immaterial, but the absence of this grievance history is not, I deny Morales's motion to amend his response and consider instead his original.

**B.     Morales's failure to properly exhaust his administrative remedies requires dismissal of his case.**

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before filing a civil-rights action to challenge prison conditions.[34] The Supreme Court has interpreted the PLRA as "requir[ing] proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules."[35] Of course, "[a]n inmate need exhaust only such administrative remedies as are 'available,'"[36] which requires that the procedures "are 'capable of use' to obtain 'some relief for the action complained of.'"[37] In *Ross v. Blake*, the Supreme Court provided a non-exhaustive list of "circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."[38] That list includes situations in which a procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide relief to aggrieved inmates," and "when prison

---

[33] *Id*. at 4:11, 6:25–28, 7:9; ECF No. 40 at 4:11, 6:25–28, 7:9.
[34] 42 U.S.C. § 1997e(a).
[35] *Woodford v. Ngo*, 548 U.S. 81, 91, 93 (2006).
[36] *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).
[37] *Id*. at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).
[38] *Id*.

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[39]

To succeed on a PLRA-exhaustion defense at summary judgment, the defendant must "prove that there was an available administrative remedy" that the prisoner did not exhaust; the burden then shifts to the plaintiff to provide evidence that the remedy was unavailable to him.[40] But "the ultimate burden of proof remains with the defendant."[41] A court should grant summary judgment only "[i]f undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust."[42] So when disputed material facts exist, the court should deny summary judgment and "the district judge rather than a jury should determine the facts."[43]

### 1. *The grievance procedure was available to Morales.*

Southern Desert's grievance procedure is found in the Nevada Department of Corrections Administrative Regulation (AR) 740.[44] It requires inmates to follow three steps to properly exhaust the grievance procedure.[45] Inmates must first file an informal grievance to which the prison has 45 days to respond.[46] If the prison denies the informal grievance, the inmate has five days after receipt of the denial to proceed to the next grievance level.[47] The inmate can then file

---

[39] *Id*. at 1860.
[40] *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Block*, 549 U.S. 199, 204 (2007)) (quotations omitted).
[41] *Id*.
[42] *Id*. at 1166.
[43] *Id*.
[44] ECF No. 32-6.
[45] *Id*.
[46] *Id*. at 12.
[47] *Id*.

a first-level grievance, which the prison then has 45 days to respond to.[48] If the inmate receives another denial, he has five days to file his second-level (and last) grievance.[49] The prison then has 60 days to respond to the second-level grievance;[50] if it's denied, the inmate has exhausted his administrative remedies. In short, after each denial, the inmate must file his next-level grievance within five days to comply with the facility's established procedures.

Southern Desert argues that Morales failed to properly exhaust these remedies because he filed his grievance appeals late.[51] Although he appealed both of his grievances to the second level, all four appeals were filed after the five-day periods expired.[52] Morales counters that his administrative remedies were effectively unavailable to him because Southern Desert responded late to his many grievances and the prison's failure to abide by its own timelines amounted to a total disregard for administrative procedures that thwarted his ability to exhaust his administrative remedies, excusing his compliance.[53]

To be sure, the Ninth Circuit has occasionally excused a failure to exhaust administrative remedies when the failure is the prison's own fault. In *Nunez v. Duncan*, for example, the warden included incorrect information in the prison's grievance denial, causing the inmate's next grievance to be untimely after he went on a "10-month wild goose chase" researching what he believed to be necessary information for his appeal.[54] The court found that the warden's mistake

---

[48] *Id*. at 14.
[49] *Id*.
[50] *Id*. at 15.
[51] ECF No. 32 at 2, 11.
[52] *Id*. at 10–11.
[53] ECF No. 37 at 7–13.
[54] *Nunez v. Duncan*, 591 F.3d 1217, 1220–21, 1226 (9th Cir. 2010).

excused Nunez's exhaustion because the inmate made concerted efforts to exhaust and was precluded from doing so through no fault of his own.[55]  In *Marella v. Terhune*, the inmate was unable to file a timely grievance because the forms were unavailable to him while he was in the hospital, infirmary, and then administrative segregation, and the court found that unobtainable forms that were material to the grievance process made the inmate's administrative remedy unavailable.[56]  And in *Andres v. Marshall*, the inmate never received a response to his first-level grievance, and the court found that the prison's failure to respond "thwarted [the inmate] from taking advantage of the grievance process," rendering the administrative process unavailable and excusing his full exhaustion.[57]

But the Ninth Circuit has never held that a prison's mere delayed response to a grievance relieves an inmate of his exhaustion obligation.  In fact, it has declined to "adopt a bright-line rule that any delay in a prison's response to an inmate's grievance is sufficient to render administrative remedies unavailable."[58]  Morales cites to *Fordley v. Lizarraga* to argue otherwise.[59]  But in *Fordley*, the prison failed to respond to the inmate's emergency grievance in any way, rendering the administrative process "unavailable within the meaning of the PLRA."[60]  Here Southern Desert responded to all of Morales's submissions—just past their specified

---

[55] *Id.* at 1224–26.

[56] *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009).

[57] *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (cleaned up) ("Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available.") (quoting *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005)).

[58] *Fordley v. Lizarraga*, 18 F.4th 344, 358 (9th Cir. 2021).

[59] ECF No. 37 at 9.

[60] *Fordley*, 18 F.4th at 347.

deadlines. And Morales continued to appeal Southern Desert's denials, which shows that he was making use of the grievance process and that those procedures were in fact available to him.

Morales also contends that two of Southern Desert's responses directed him not to resubmit future grievances.[61] He quotes *Nunez* and asserts that the "assessment of availability is a 'pragmatic analysis,'" and Southern Desert's "do not resubmit" comment operated as a dead end to the grievance procedure and thwarted his access to available remedies.[62] The *Nunez* court did recognize that actions by prison staff that stymie an inmate's exhaustion efforts may render administrative remedies unavailable, but Southern Desert's "do not resubmit" comment did not deter Morales from filing additional grievances and accessing the grievance procedure. It appears that Morales was told not to resubmit after he filed two first-level grievances under the same grievance number and filed an informal grievance about his ear condition after the issue had already been addressed at the informal level.[63] He filed at least one additional grievance after receiving those responses.[64] A pragmatic analysis of Morales's situation shows that he did not rely on Southern Desert's comment like the inmate in *Nunez* relied on his warden's misrepresentation. The copious records filed in this case show that Morales made robust use of Southern Desert's grievance procedure, and because he had sufficient access to this administrative remedy, the law required him to exhaust it.

---

[61] ECF No. 37 at 11–12.
[62] *Id*.
[63] *Id*. at 27, 29; ECF No. 32-5 at 17.
[64] ECF No. 37 at 42.

### 2. *Morales did not properly exhaust his administrative remedies.*

Southern Desert contends that Morales failed to properly exhaust his administrative remedies because he missed his five-day windows to submit his appeals.[65] Morales does not deny that he filed his grievances late—only the effect of Southern Desert's tardy responses on his access to the grievance procedure.[66]

But the facility's grievance procedure anticipates that the prison's responses may be late, and it accounts for that likelihood. The prison has 45 days to respond to an informal and first-level grievance and 60 days to respond to a second-level grievance.[67] If the response isn't received by those deadlines, AR 740(8)(B) allows the inmate to immediately appeal to the next grievance level.[68] But if the inmate instead waits for the prison's overdue response, AR 740(8)(C) provides that the "overdue response does not count against the inmate's timeframe for an appeal."[69] So the prison's delay doesn't cut into the inmate's five-day response period, but it also doesn't waive or extend that deadline: once the inmate waits for and receives the overdue denial, he has just five days to appeal it.

Most of Southern Desert's responses to Morales's '3964 and '4765 grievances were overdue because they exceeded the AR 740 deadlines, but they did come. And Morales waited for each one before he filed his appeals. Because Morales waited for those responses, his appeal windows remained intact, and he was required to file his appeals within five days after receiving each of Southern Desert's denials.

---

[65] ECF No. 32 at 10–11.
[66] ECF No. 37 at 14.
[67] ECF No. 32-6 at 12, 14–15.
[68] *Id*. at 6 ("The inmate may proceed to the next grievance level, if a response is overdue.").
[69] *Id*.

He missed that deadline for every single one of them.

Morales filed informal grievance '3964 on June 15, 2020, and received Southern Desert's response on November 3rd, 96 days past its 45-day deadline.[70] Because Morales waited for Southern Desert's reply, he had until November 8 to file his first-level grievance to comply with the prison's grievance procedure. But he filed his first-level grievance on November 21st, 13 days late,[71] and that tardy filing extinguished his ability to exhaust his administrative remedies for grievance '3964.

He fared no better with grievance '4765. Morales filed this informal grievance on July 13, 2020, and received Southern Desert's response on November 3rd, 68 days late.[72] Though his five-day appeal window closed on November 8th, he filed his first-level grievance on November 9th.[73] Because that filing was untimely, albeit by 1 day, he did not properly exhaust under AR 740, and the PLRA requires that an inmate strictly "adhere to the critical procedural rules" of the grievance process in order to preserve a claim.[74]

Morales argues that the prison was on lockdown for COVID-19 pandemic protocol during his first-level appeals window, so he was not able to timely access his administrative remedy.[75] Even if the grievance process was unavailable to Morales during this time and his late filing did not end his chance for exhaustion, his second-level grievance surely did. Southern

---

[70] ECF No. 32-4 at 2, 8.
[71] *Id*. at 9.
[72] ECF No. 32-5 at 2, 9.
[73] *Id*. at 10.
[74] *Reyes*, 810 F.3d at 657 (quoting *Woodford*, 548 U.S. at 90).
[75] ECF No. 37 at 8.

Desert denied Morales's first-level grievance on February 8, 2021.[76] Morales then improperly filed a second, first-level grievance on that same day, which Southern Desert responded to on March 28.[77] Although Morales ultimately submitted his second-level grievance on April 5, it was untimely regardless of whether his five-day window opened on February 8 or March 28.[78]

The bottom line is that Morales waited months past the requisite time period for Southern Desert's responses, but because he did wait, he was subject to the five-day filing deadlines specified in AR 740. Morales's grievances were all untimely under that regulation, and because he did not timely appeal the denial of grievances '3964 and '4765, he did not fully exhaust his available administrative remedies before filing this lawsuit. So I grant Southern Desert's motion for summary judgment on both of Morales's Eighth-Amendment claims for lack of exhaustion.

**C.     With no viable claim, Morales can't get injunctive relief.**

Morales argues that he has waited two years and nine months for a follow-up appointment to treat his ear infection and hearing loss, and he is entitled to a preliminary injunction to see an ENT specialist and establish an informed treatment plan.[79] Because summary judgment has been granted on his two pending claims, Morales cannot establish the likelihood of success on either his conditions-of-confinement claim or his deliberate-indifference-to-medical-needs claim, making injunctive relief unavailable.[80] So I deny Morales's motion for a preliminary injunction.

---

[76] ECF No. 32-5 at 2, 9.
[77] *Id*. at 14.
[78] *Id*. at 18.
[79] ECF No. 34 at 3.
[80] *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir.2007) (quoting *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987)) ("A moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits. When, as here, a

### D. The grant of summary judgment moots Southern Desert's motion for a stay.

Finally, Southern Desert asks to stay this case until the court has resolved its motion for summary judgment.[81] Because this order does just that, the reason for the stay no longer exists, and I deny as moot the motion to stay this case.

### Conclusion

IT IS THEREFORE ORDERED that Southern Desert's motion for summary judgment **[ECF No. 32] is GRANTED** for lack of proper exhaustion. Southern Desert's motion to stay this case pending resolution of the summary judgment motion **[ECF No. 33] is DENIED as moot.**

IT IS FURTHER ORDERED that Yoandy Fernandez Morales's motion to amend his response to Southern Desert's summary judgment motion **[ECF No. 39]** and his motion for a preliminary injunction **[ECF No. 34] are DENIED**.

The Clerk of Court is instructed to ENTER JUDGMENT in favor of the defendants on all claims and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
February 1, 2024

---

party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary.").

[81] ECF No. 33.